IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-92-0403 MMC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |
| v. | |
| RAFAEL CORNEJO, | |
| Defendant | |

Before the Court is defendant Rafael Cornejo's "Motion Seeking Reconsideration and Relief, Pursuant to Fed. R. Civ. P. Rule 60(b)(6), of Previously Denied Protected Consitutional Claims," filed November 16, 2009. On January 29, 2010, the government filed untimely opposition, including therein a request that its untimely filing be considered. By order filed February 3, 2010, the Court granted the government's request and set a deadline for defendant to file a reply. On February 19, 2010, defendant filed a timely reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.

On May 27, 1997, judgment was entered on the jury's finding that defendant was guilty of eleven of the counts alleged against him, and defendant was sentenced to a term

of thirty years.[1] Thereafter, the Court of Appeals for the Ninth Circuit affirmed the judgment and sentence. See United States v. Aviles, 170 F. 3d 863 (9th Cir. 1999), amended, 216 F. 3d 881 (9th Cir 2000).[2] On October 4, 2000, defendant filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. In such motion, defendant raised four claims: (1) the district court lacked jurisdiction, (2) defendant's trial counsel provided ineffective assistance of counsel, (3) defendant's appellate counsel provided ineffective assistance of counsel, and (4) the sentence was based on facts not found by the jury. By order filed January 16, 2001, the Court found "[i]t plainly appear[ed] from the face of the motion, exhibits, and prior proceedings in the case that Cornejo [was] not entitled to relief on his jurisdiction and ineffective assistance of counsel claims," and, accordingly, denied the motion to the extent it was based on such claims. (See Order, filed January 16, 2001, at 2:14-16.) In other words, the Court denied defendant's first three claims on their merits.[3]

By the instant motion, defendant, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, seeks reconsideration of the Court's January 16, 2001 order, to the extent said order denied his claim that his trial counsel provided ineffective assistance of counsel. Specifically, defendant argues, the Court's ruling on the merits of such claim was erroneous. The government responds that the Court lacks subject matter jurisdiction to consider defendant's motion.[4]

---

[1] The judgment entered May 27, 1997 stated that the jury had found defendant guilty of twelve of the counts alleged against him. On October 7, 2005, the judgment was amended to reflect the jury had actually found defendant guilty of eleven of the counts alleged against him.

[2] Salvador Aviles was a co-defendant.

[3] Construing the sole remaining claim as raising a claim pursuant to Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), the Court ordered further briefing, and, thereafter, by order filed July 24, 2002, denied the Apprendi claim.

[4] In his reply, defendant requests the Court reconsider its February 3, 2010 order granting the government's request to consider its late-filed opposition. As explained in the February 3, 2010 order, the issue of subject matter jurisdiction cannot be waived by a party. In other words, even if the government had failed to file any opposition to the instant motion, the Court nonetheless would be required to determine whether it had jurisdiction to consider defendant's motion. Accordingly, the Court will not reconsider its February 3, 2010 order.

1    "Rule 60(b) allows a party to seek relief from a final judgment, and request
2 reopening of his case, under a limited set of circumstances including fraud, mistake, and
3 newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528-29 (2005). "Rule
4 60(b)(6) . . . permits reopening when the movant shows any reason justifying relief from the
5 operation of the judgment other than the more specific circumstances set out in Rules
6 60(b)(1)-(5)." Id. (internal quotation, citation and alteration omitted). Where the decision
7 being challenged by a Rule 60(b) motion is an order denying a § 2255 claim on its merits,
8 however, the defendant may not seek relief under Rule 60(b). See United States v. Hiralal,
9 238 Fed. Appx. 225, 226 (9th Cir. 2007). Consequently, a motion requesting that a district
10 court "revisit the district court's denial on the merits of a claim" to vacate a sentence is
11 "treated as a successive § 2255 motion." See id.; see also Gonzalez v. Crosby, 545 U.S.
12 524, 532 (2005) (observing Rule 60(b) motion should be treated as "successive habeas
13 petition" where movant "alleg[es] that the court erred in denying habeas relief on the
14 merits").

15    Here, as noted above, defendant's Rule 60(b) motion seeks reconsideration of the
16 Court's 2001 order denying, on the merits, defendant's claim that his trial counsel provided
17 ineffective assistance of counsel. Under the authorities cited above, defendant's motion
18 must be treated as a successive § 2255 motion.

19    A district court lacks jurisdiction to consider a successive § 2255 motion, unless the
20 defendant has first obtained a certification from the Court of Appeals allowing him to file a
21 successive § 2255 motion in the district court. See United States v. Allen, 157 F.3d 661,
22 664 (9th Cir. 1998) (holding district court lacked jurisdiction to consider successive § 2255
23 motion, where defendant "did not request the requisite certification from [the Court of
24 Appeals for the Ninth Circuit] prior to filing [a] § 2255 motion in which he ha[d] raised a
25 successive claim"); see also Rules Governing § 2255 Cases, Rule 9 (providing "[b]efore
26 presenting a second or successive motion, the moving party must obtain an order from the
27 appropriate court of appeals authorizing the district court to consider the motion").'

28    Here, the record does not reflect that defendant obtained a certification from the

Ninth Circuit prior to filing the instant motion. Consequently, the Court lacks jurisdiction to consider the motion. See <u>Allen</u>, 157 F.3d at 664.

Accordingly, defendant's motion for reconsideration is hereby DENIED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: February 25, 2010

MAXINE M. CHESNEY
United States District Judge