IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>RAFAEL CORNEJO,<br><br>    Defendant | No. CR-92-0403 MMC<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR CERTIFICATE OF APPEALABILITY; GRANTING REQUEST FOR IN FORMA PAUPERIS TO BE CONTINUED** |

    Before the Court is defendant Rafael Cornejo's "Notice of Appeal and Request for Certificate of Appealability," filed April 2, 2010, and defendant's "Request for 'In Forma Pauperis' Status to be Continued," also filed April 2, 2010.

    Defendant has appealed the Court's order of February 25, 2010, by which order the Court denied defendant's motion, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, by which motion defendant sought reconsideration of an order filed January 16, 2001 by the Honorable Thelton E. Henderson.[1]  Specifically, defendant sought, and this Court denied, reconsideration of Judge Henderson's order denying defendant's motion brought under 28 U.S.C. § 2255, wherein defendant argued he was entitled to relief from the judgment entered against him, on the ground his trial counsel had provided ineffective assistance.

    In a § 2255 proceeding, the defendant "cannot take an appeal" unless he receives a certificate of appealability.  See Fed. R. App. P. 22(b).  A defendant is entitled to issuance of a certificate of appealability if he "demonstrate[s] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  See Miller-El v.

---

[1]The above-titled action was originally assigned to Judge Henderson.

Cockrell, 537 U.S. 322, 338 (2003) (internal quotation and citation omitted).

Here, defendant sought reconsideration, under Rule 60(b), of an order denying on its merits his motion for relief under § 2255. The Court finds no reasonable jurist would find a district court has jurisdiction to consider the merits of such Rule 60(b) motion, in the absence of the Ninth Circuit's having issued an order authorizing the district court to consider a successive § 2555 motion.[2] See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (finding Rule 60(b) motion should be treated as "successive habeas petition" where movant "alleg[es] that the court erred in denying habeas relief on the merits"); United States v. Hiralal, 238 Fed. Appx. 225, 226 (9th Cir. 2007) (holding motion pursuant to Rule 60(b) seeking reconsideration of order denying § 2255 claim on its merits must be "treated as a successive § 2255 motion").

Accordingly, the request for a certificate of appealability is hereby DENIED.

To the extent defendant requests that he be allowed to continue to proceed in forma pauperis, the request is hereby GRANTED, for the reason that it does not appear defendant is proceeding in bad faith. See Fed. R. App. P. 24(a)(3) (holding party who proceeded in forma pauperis in district court proceeding may proceed on appeal in forma pauperis unless "appeal is not taken in good faith").

The Clerk shall forward defendant's Notice of Appeal, filed April 2, 2010, and the instant order to the United States Court of Appeals for the Ninth Circuit, from which defendant may also seek issuance of a certificate of appealability. See Fed. R. App. Proc. 22(b)(1).

**IT IS SO ORDERED.**

Dated: April 8, 2010

MAXINE M. CHESNEY
United States District Judge

---

[2] Defendant has not sought, let alone obtained, an order from the Ninth Circuit authorizing the Court to consider a successive § 2255 motion.

2